IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **TRAVIS J. SMITH,** | CASE NO. 3:25 CV 977 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **MIDAS INCORPORATE,** | |
| Defendant. | MEMORANDUM OPINION AND ORDER |

### BACKGROUND

*Pro se* Plaintiff Travis J. Smith, a resident of Kentucky, filed this *in forma pauperis* civil action against Midas Incorporate, located in Toledo, Ohio. (Doc. 1).[1] His Complaint does not allege any specific legal claim or cause of action, but indicates he seeks to assert federal jurisdiction on the basis of diversity of citizenship. *Id*. at ¶ II.B.

The factual basis he alleges in his Complaint, in its entirety, is:

> I had this place break and work on my vehicle without my permission while I was waiting on my insurance adjuster and due to the facts they wouldn't give my vehicle back or pay for it.

*Id*. at ¶ III.

He seeks $150,000.00 for relief. *Id.* at ¶ II.B.3.

### STANDARD OF REVIEW AND DISCUSSION

*Pro se* complaints are generally liberally construed and held to more lenient standards than formal pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982), but the lenient treatment "has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se*

---

1. Plaintiff originally filed the action in the District Court for the Eastern District of Kentucky, which transferred the action here. *See* Doc. 6.

plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations or construct claims on their behalf. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

Federal district courts, moreover, are expressly required under 28 U.S.C. § 1915(e)(2)(B) to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such complaint the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), for determining a motion to dismiss under Fed. R. Civ. P. 12(b)(6) governs dismissal for failure to state a claim under § 1915(e)(2)(B). *Hill*, 630 F.3d at 470-71. To survive a dismissal for failure to state a claim, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Hill*, 630 F.3d at 471; *see also Twombly*, 550 U.S. at 555 (stating the allegations in the pleading "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations . . . are true (even if doubtful in fact)").

Furthermore, to state a claim in federal court, a complaint must set forth allegations sufficient to give the defendant fair notice of what the plaintiff's legal claims are, as well as the factual grounds upon which they rest. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Courts do "not have to guess at the nature of the claim asserted." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

Here, even liberally construed, Plaintiff's Complaint fails to meet federal notice pleading requirements or set forth allegations sufficient to state a plausible civil claim against the

Defendant upon which he may be granted relief. His Complaint does not provide notice of what specific legal claim he asserts against the Defendant or cogent factual allegations of wrongdoing underlying any such claim. *See Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (holding a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief); *Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 555 (noting that conclusory allegations fail to state a claim under § 1983). Although federal pleading requirements do "not require 'detailed factual allegations,'" they demand more than an "unadorned, the-defendant-unlawfully-harmed-me accusation[,]" which is the most Plaintiff's Complaint alleges here. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 2) is GRANTED; and it is

FURTHER ORDERED that Plaintiff's Complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B); and the Court

FURTHER CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: August 6, 2025